UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-60182-SMITH/VALLE

UNITED STATES OF AMERICA

    Plaintiff,

v.

KEANO DONALD ALTIERI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant Keano Donald Altieri's Motion to Suppress Physical Evidence (the "Motion") (ECF No. 12). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 14). Accordingly, having reviewed the Motion, the Government's Response (ECF No. 17), and being fully advised in the matter, the undersigned recommends that the Motion be **DENIED** for the reasons set forth below.[1]

### I.    BACKGROUND

Defendant has been charged by Indictment with one count of possession of a postal service key, in violation of 18 U.S.C. § 1704, and one count of possession of stolen mail, in violation of 18 U.S.C. § 1708. (ECF No. 1 at 1-2). In the Motion, Defendant argues that the postal service key and stolen mail seized from Defendant should be suppressed because law enforcement stopped

---

[1] Defendant did not request a hearing on the Motion, nor does the undersigned find a hearing is necessary.

Defendant without reasonable suspicion and arrested him on less than probable cause, in violation of his Fourth Amendment rights. *See* (ECF No. 12 at 1).

### A. Defendant's Stop and Arrest

At around 1:30 a.m. on March 28, 2022, Davie Police Officer Shannon ("Officer Shannon") observed a blue Lexus park on Nova Drive alongside McFatter Technical College in Davie, Florida. *Id.* at 2. Officer Shannon saw Defendant and another individual, wearing all black clothing, hooded shirts, and black masks, exit the car and run across Nova Drive toward several businesses. *Id*; *see also* (ECF No. 17 at 2). Defendant was carrying a white, plastic garbage bag and was wearing gloves. (ECF No. 17 at 2). Before Defendant and the other individual reached the other side of the road, Officer Shannon pulled up next to them, identified himself as a police officer, drew his gun, and ordered both men to the ground. (ECF No. 12 at 2). Defendant and the other individual complied, and Officer Shannon temporarily detained them.[2] *Id.* Officer Shannon then questioned them about what they were doing, but they refused to answer. *Id.* Thereafter, based on his observations of Defendant's and the other individual's conduct, Officer Shannon arrested them for prowling. *Id.* After Defendant's arrest, law enforcement searched Defendant and found the stolen mail in the garbage bag Defendant was carrying and the postal service key in Defendant's pant pocket. *Id.*

### B. Florida Statute § 856.021

Officer Shannon arrested Defendant for violating Florida's loitering and prowling statute. (ECF No. 12 at 2); *see also* Fla. Stat. § 856.021. The statute provides that "[i]t is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the

---

[2] In the meantime, the blue Lexus in which Defendant had arrived fled the scene. (ECF No. 17 at 3).

safety of persons or property in the vicinity." Fla. Stat. § 856.021(1). This offense has two elements: (i) loitering or prowling in a place at a time and manner not usual for law-abiding individuals; and (ii) the loitering and prowling were under circumstances that threaten public safety. *State v. Ecker*, 311 So. 2d 104, 110 (Fla. 1975) ("Proof of both elements is essential in order to establish a violation of the statute."); *see also C.C. v. State*, 137 So. 3d 466, 468 (Fla. 4th DCA 2014) ("Both elements of the offense must be committed in the officer's presence prior to arrest."). In addition, in determining whether reasonable alarm or immediate concern is warranted, law enforcement may consider several factors, such as whether the person: (i) takes flight upon appearance of a law enforcement officer; (ii) refuses to identify himself; or (iii) manifestly endeavors to conceal himself or any object. *Id.* § 856.021(2). Lastly, before law enforcement can arrest an individual for loitering, law enforcement must "afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct." *Id.*

## II. DISCUSSION

Defendant argues that the stolen mail and postal service key seized from him by law enforcement should be suppressed because they were obtained in violation of his Fourth Amendment rights. (ECF No. 12 at 11). According to Defendant, law enforcement violated his Fourth Amendment rights because they had no reasonable suspicion to stop him or probable cause to arrest him. *Id.* For the reasons set forth below, the undersigned rejects both arguments.

**A. Officer Shannon had Reasonable Suspicion to Stop Defendant**

*Terry v. Ohio*[3] and its progeny are clear that "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable

---
[3] 392 U.S. 1 (1968).

3

suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Reasonable, articulable suspicion must be based on "objective facts that the person has engaged in, or is about to engage in, criminal activity," and "must be more than 'an inchoate and unparticularized suspicion or hunch.'" *United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000) (quoting *Terry*, 392 U.S. at 27). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Wardlow*, 528 U.S. at 123. Moreover, "[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity," *United States v. Gordon,* 231 F.3d 750, 754 (11th Cir. 2000), even if such activity is "seemingly innocuous to the ordinary citizen." *United States v. Smith*, 201 F.3d 1317, 1323 (11th Cir. 2000). As well, the police may rely on their own experience and specialized training to make "inferences and deductions that might well elude an untrained person." *United States v. Cortez*, 449 U.S. 411, 418 (1981). Accordingly, courts examine "the totality of the circumstances" to determine whether the police had "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Id.* at 417-18.

Here, Defendant argues that his conduct (running across Nova Drive toward a row of businesses at around 1:30 a.m. wearing all black clothing, a hooded shirt, a face mask, and gloves) did not give rise to the reasonable suspicion necessary for Officer Shannon to lawfully stop him. (ECF No. 12 at 8). Defendant further asserts that Nova Drive is a "highly trafficked main street with multiple bus stops and 24-hour businesses," so that he could have been running to an open establishment. *Id.* at 8-9. In response, the Government argues that the totality of the circumstances supported Defendant's stop. (ECF No. 17 at 6). The Government has the more persuasive argument. Indeed, the undersigned finds that every circumstance surrounding Defendant's

conduct during the events (wearing black clothing, a hooded shirt, a face mask, and gloves, while running toward businesses in the middle of the night) supports Officer Shannon's reasonable suspicion that criminal activity was afoot.[4]  *See Powell*, 222 F.3d at 917; *Wardlow*, 528 U.S. at 123.  Accordingly, the undersigned finds that Officer Shannon had reasonable suspicion to stop Defendant.

### B. Officer Shannon had Probable Cause to Arrest Defendant

Next, Defendant argues that Officer Shannon did not have probable cause to arrest him. (ECF No. 12 at 5-11).  Although the Fourth Amendment generally requires law enforcement to secure a warrant before making an arrest, *United States v. Hall*, 500 F. App'x 819, 820 (11th Cir. 2012), "a warrantless arrest . . . is reasonable . . . where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotations omitted).  To determine whether an officer had probable cause to arrest an individual, the Court must examine "the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotations omitted).

As discussed above, Florida Statute § 856.021 has two elements: (i) that the person loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; and (ii) such

---

[4] In addition, Defendant's representation that Nova Drive is heavily trafficked road with multiple bus stops and 24-hour businesses is unpersuasive.  *See* (ECF No. 12 at 8-9).  As the Government notes, these businesses have their own parking lots and drive-throughs and are not in the college campus lot.  (ECF No. 17 at 5).

loitering or prowling took place under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. *Ecker*, 311 So. 2d at 110. According to Defendant, his conduct did not satisfy these elements, so that Officer Shannon lacked probable cause to arrest him. (ECF No. 12 at 8). To support his argument, Defendant cites to a host of Florida cases analyzing the lawfulness of loitering arrests. *Id.* at 5-10. But these cases are factually distinguishable.

Here, unlike the cases cited by Defendant, Officer Shannon observed Defendant wearing all black clothing, a hooded shirt, a face mask, and gloves as he ran across Nova Drive at around 1:30 a.m. *See* (ECF Nos. 12 at 8, 17 at 2). Additionally, the car in which Defendant had arrived fled upon Officer Shannon's arrival on scene. (ECF No. 17 at 3). These circumstances, viewed from the standpoint of an objectively reasonable police officer, lead to the conclusion that Defendant was loitering or prowling in a place and at a time and manner not usual for law-abiding citizens. *See Pringle*, 540 U.S. at 371. Thus, Officer Shannon had reasonable alarm or immediate concern for persons and property in the area. Moreover, prior to arresting Defendant, Officer Shannon offered Defendant an opportunity to dispel the concern created by Defendant's conduct, but Defendant declined to do so. *See* (ECF No. 17 at 3); *see also* Fla. Stat. § 856.021(2) (requiring law enforcement to afford a person an opportunity to dispel concern prior to arrest). Accordingly, the undersigned finds that Officer Shannon had probable cause to arrest Defendant based on a violation of Florida Statute § 856.021.

### III. RECOMMENDATION

Accordingly, for the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Suppress Physical Evidence (ECF No. 12) be **DENIED**.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on January 23, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record